



# Notice of Service of Process

**RXT / ALL**
**Transmittal Number:** 23464650
**Date Processed:** 07/09/2021

| | |
|---|---|
| Primary Contact: | Cathy Silotto<br>Caterpillar Inc.<br>100 NE Adams St<br>Peoria, IL 61629-0001 |
| Electronic copy provided to: | Sara Lela |
| Entity: | Caterpillar Inc.<br>Entity ID Number 0442538 |
| Entity Served: | Caterpillar, Inc. |
| Title of Action: | Michelle Deblauwe, as personal representative of the estate of James Scott Deblauwe, vs. Caterpillar, Inc |
| Matter Name/ID: | Michelle Deblauwe, as personal representative of the estate of James Scott Deblauwe, vs. Caterpillar, Inc (11387633) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court/Agency: | 42nd Circuit Court, MI |
| Case/Reference No: | 21-7918NO-B |
| Jurisdiction Served: | Michigan |
| Date Served on CSC: | 07/08/2021 |
| Answer or Appearance Due: | 28 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Robert Giroux<br>248-531-8665 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>42ND JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>21-7918-NO-B |
|---|---|---|

Court address: 301 W. Main St., Midland, MI 48640

Court telephone no.: (989) 832-6700

| Plaintiff's name(s), address(es), and telephone no(s).<br>MICHELLE DEBLAUWE, as Personal Representative of the ESTATE OF JAMES SCOTT DEBLAUWE, deceased, | v | Defendant's name(s), address(es), and telephone no(s).<br>CATERPILLAR, INC.<br>2900 WEST ROAD STE 500<br>EAST LANSING, MI 48823 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
ROBERT M. GIROUX (P47966)
28588 NORTHWESTERN HWY., STE 100
SOUTHFIELD, MI 48034
(248) 531-8665

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 7-1-21 | 9-30-21 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS | PROOF OF SERVICE |
|---|---|
| Case No. | |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
                          Day, date, time

_____ on behalf of _____.
Signature

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF MIDLAND**

MICHELLE DEBLAUWE, as Personal
Representative of the ESTATE OF
JAMES SCOTT DEBLAUWE, deceased,

Plaintiff,

Case No. 2021- 7918 -NO B

v

HON: MICHAEL J. BEALE
P44233

CATERPILLAR, INC.

Defendant.
_____/

| ROBERT M. GIROUX (P47966) | B. A. TYLER (P25404) |
|---|---|
| *Giroux Trial Attorneys, P.C.* | *Tyler Law Firm, PLLC* |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 28588 Northwestern Hwy., Ste. 100 | 3001 W. Big Beaver, Ste. 110 |
| Southfield, MI 48034 | Troy, MI 48084 |
| (248) 531-8665; Fax (248) 308-5540 | (248) 458-6600 |
| rgiroux@greatMIattorneys.com | btyler@tyler-legal.com |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

Robert M. Giroux (P47966)

*A TRUE COPY*
Ann Manary
CLERK OF THE 42nd CIRCUIT COURT
MIDLAND COUNTY CLERK & CIRCUIT COURT

Plaintiff, MICHELLE DEBLAUWE, as Personal Representative of the Estate of James Scott DeBlauwe, deceased, through her attorneys, GIROUX TRIAL ATTORNEYS, P.C., and TYLER LAW FIRM, PLLC, states the following for her Complaint:

**PARTIES, VENUE AND JURISDICTION**

1. This lawsuit arises out of the Plaintiff's decedent suffering injury, damages and then death in the County of Midland, State of Michigan and is brought pursuant to the Wrongful Death Act, MCL 600.2922 *et seq.*

2. At all times relevant to this action, Plaintiff's decedent, James Scott DeBlauwe, and his wife and now personal representative of his estate, Michelle DeBlauwe, have been residents of Imlay City, Lapeer County, Michigan.

3. On information and belief, Defendant Caterpillar, Inc. is a Delaware corporation with its principal place of business in Illinois, but at all material times was doing business in the State of Michigan and in the County of Midland, Michigan.

4. Defendant Caterpillar, Inc. does continuous and systematic business in Michigan; Caterpillar manufactured and placed the subject bulldozer, and many more just like it, into the stream of commerce with the expectation that it would be distributed, sold, or used in Michigan; on information and belief, the subject bulldozer was distributed, sold, and used in Michigan; the subject bulldozer caused the death of a Michigan resident in Michigan; and Caterpillar, Inc. has a manufacturing plant located in Michigan.

5. The amount in controversy herein well exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

6. In light of the foregoing, venue and jurisdiction are properly vested in this Court.

## FACTUAL BACKGROUND

7. On or about June 4, 2020, Plaintiff's decedent James Scott DeBlauwe was working in the County of Midland, Michigan for SC Environmental Services, LLC when he was involved in his fatal incident involving a 2019 Caterpillar Tractor Bulldozer with Serial Number: C4E01048X2549233; Model Number: C44EDIT; VIN: CAT00D3KTZLL00 ("bulldozer").

8. Upon information and belief, the bulldozer at issue was designed, manufactured, marketed, sold or otherwise distributed or placed into the stream of commerce by Defendant Caterpillar, Inc.

9. Upon information and belief, Plaintiff's decedent James Scott DeBlauwe, at all relevant times operating the at-issue bulldozer in a foreseeable and intended manner, was ejected and thrown from the operator's compartment.

10. Upon information and belief, when Mr. DeBlauwe was ejected from the bulldozer's operator's compartment, the reverse gear became engaged and the bulldozer began to drive in reverse.

11. Mr. DeBlauwe then ran after the bulldozer to safeguard individuals and structures in its path and attempted to jump up on the left tread to re-enter the operator's compartment and stop the bulldozer from driving in reverse without an operator, but was ultimately run over and killed by the tread.

12. The at-issue bulldozer was defective in that it failed to prevent James Scott DeBlauwe from being ejected from the operator compartment, allowed the bulldozer's reverse gear to become engaged and the bulldozer moved in reverse despite the operator having been ejected.

13. The at-issue bulldozer was part of a production of said products that have similarly failed or were failing, all of which was known to Caterpillar, Inc. not only at the time of production but also prior to the subject incident, but unknown to Plaintiff's decedent and his employer until after the fatal incident.

14. No notices nor other information was provided to Plaintiff's decedent or his employer prior to the fatal incident as to the aforereferenced defective conditions and failures.

3

## COUNT I—NEGLIGENCE

15. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

16. Caterpillar, Inc. owed certain duties to Plaintiff's decedent, including, but not limited, to:

   a. Designing, manufacturing and/or distributing non-defective bulldozers (such as, by way of example, making it so that the bulldozer will not drive forward or in reverse unless the operator is in the operator's seat, including with a seatbelt on; or equipping the bulldozer with an emergency shutoff in the event the bulldozer remains in movable gear and moving when the operator is not in the operator's seat);

   b. Properly inspecting their bulldozers to ensure they were not defective and fit for their intended purpose;

   c. Providing sufficient and proper warnings, instructions and information regarding said bulldozer to ensure their safe use; and

   d. Recalling and providing appropriate notices of safety issues of said bulldozers upon knowledge that it had or should have had of their defective and unsafe condition.

17. Defendant breached the foregoing duties and its general duties to Plaintiff's decedent.

18. The subject bulldozer was not reasonably safe for its intended use when it left the control of Caterpillar, Inc.

19. When the subject bulldozer left the control of Caterpillar, Inc., an economically and technically feasible alternative production practice was available that would have minimized or eliminated the danger and prevented the harm to Plaintiff's decedent without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

20. The foregoing breaches of duty directly and proximately caused fatal injury to and the wrongful death of James Scott DeBlauwe.

4

21. Plaintiff claims all elements of damages as allowed by the Wrongful Death Act and the case law that interprets it.

22. As the direct and/or proximate result of the negligent acts and/or omissions of Defendant Caterpillar, Inc., the Estate of James Scott DeBlauwe is entitled to compensation for various injuries and damages. Those injuries and damages include, but are not limited to, the following:

a. Reasonable medical, funeral and burial expenses;
b. Loss of financial support;
c. Loss of services;
d. Loss of parental guidance;
e. Loss of financial gifts and gratuities;
f. Loss of love, society and companionship;
g. Conscious pain and suffering as well as emotional and mental anguish and distress suffered by James Scott DeBlauwe prior to the time of his death;
h. Loss of the value of life; and
i. Exemplary and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant, jointly and severally in an amount that is fair and reasonable under the circumstances, plus attorney fees, costs and interest.

### COUNT II—GROSS NEGLIGENCE AND INTENTIONAL WRONGDOING

23. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

24. Defendant Caterpillar, Inc. was grossly negligent in that its actions indicated a willful lack of concern and disregard as to whether an injury or death would occur to someone utilizing one of their bulldozers.

5

25. Defendant knew at the time of manufacture and distribution that said bulldozers were defective and that there was a substantial likelihood that the defect would cause injury or death, as here, but willfully disregarded that knowledge in the manufacture or distribution of the bulldozer.

26. Said actions of Defendant also constitute intentional acts of wrongdoing.

27. As a direct and proximate cause of Defendant Caterpillar, Inc.'s gross negligence and intentional acts, Plaintiff's decedent James Scott DeBlauwe suffered fatal injury and wrongful death and Plaintiff suffered damages as previously described.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant, jointly and severally in an amount that is fair and reasonable under the circumstances, plus attorney fees, costs and interest.

## COUNT III—BREACH OF IMPLIED WARRANTY

28. Plaintiff incorporates each preceding Paragraph as though fully restated herein.

29. The bulldozer was not reasonably fit for the uses or purposes anticipated or reasonably foreseeable by Defendant and the expected users when it left Caterpillar's control.

30. As a direct and proximate result of the breach of implied warranty by Caterpillar, Inc., Plaintiff's decedent suffered fatal injury and wrongful death and Plaintiff suffered damages as previously described.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount that is fair and reasonable under the circumstances, plus attorney fees, costs and interest.

6

Respectfully submitted,

*Giroux Trial Attorneys, P.C.*

_____
ROBERT M. GIROUX (P47966)
Co-Counsel for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
rgiroux@greatMIattorneys.com

*Tyler Law Firm, PLLC*

_____ w/ consent
B. A. TYLER (P25404)
Co-Counsel for Plaintiff
3001 W. Big Beaver, Ste. 704
Troy, MI 48084
(248) 458-6600
btyler@tyler-legal.com

Dated: June 29, 2021

## DEMAND FOR JURY TRIAL

Plaintiff MICHELLE DEBLAUWE, as Personal Representative of the ESTATE OF JAMES SCOTT BEBLAUWE, deceased, by and through her attorneys, GIROUX TRIAL ATTORNEYS, P.C., and TYLER LAW FIRM, PLLC, hereby requests a trial by jury in this matter.

Respectfully submitted,

*Giroux Trial Attorneys, P.C.*

_____
ROBERT M. GIROUX (P47966)
Co-Counsel for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax (248) 308-5540
rgiroux@greatMIattorneys.com

*Tyler Law Firm, PLLC*

_____ w/ consent
B. A. TYLER (P25404)
Co-Counsel for Plaintiff
3001 W. Big Beaver, Ste. 704
Troy, MI 48084
(248) 458-6600
btyler@tyler-legal.com

Dated: June 29, 2021

7



**28588 Northwestern Hwy. Suite 1**
**Southfield, MI 48034**



7021 0350 0001 6162 4729

METROPLEX MI 480
6 JUL 2021 PM 17

FIRST-CLASS MAIL
07/06/2021
US POSTAGE $007.16

ZIP 48034
041M11270981

CATERPILLAR, INC.
2900 WEST ROAD STE 500
EAST LANSING, MI 48823

48823-638625